1  MARK J. BOURASSA, ESQ.
   Nevada Bar No. 7999
2  KEREN E. GESUND, ESQ.
   Nevada Bar No. 10881
3  **THE BOURASSA LAW GROUP, LLC**
4  8668 Spring Mountain Rd
   Suite 101
5  Las Vegas, NV 89117
   Tel: (702) 300-1180
6  Fax: (702) 851-2189
7  gesundk@gesundlawoffices.com
   *Attorneys for Plaintiffs*
8

9              **UNITED STATES DISTRICT COURT**

10                  **DISTRICT OF NEVADA**

11  VINCENT SCOTT FIORENZA, JR., an          Case No.:
    individual, on behalf of themselves and those
12  similarly situated;

13          Plaintiffs,                        **CLASS ACTION COMPLAINT FOR
14                                             VIOLATIONS OF THE FAIR DEBT
    vs.                                        COLLECTION PRACTICES ACT**
15
16  ALLIANT CAPITAL MANAGEMENT, LLC,          **JURY DEMANDED**
    a New York limited liability company,
17
            Defendant.
18

19                      **COMPLAINT**

20      Plaintiff, VINCENT SCOTT FIORENZA, JR. (hereinafter referred to as "PLAINTIFF")

21  by and through undersigned attorney, alleges upon knowledge as to himself and his own acts,

22  and upon information and belief as to all other matters, brings this complaint against the above-

23  named defendant and in support thereof alleges the following:

24
25                  **PRELIMINARY STATEMENT**

26      1.      PLAINTIFF brings this action on his own behalf and on the behalf of all others

27  similarly situated for actual and statutory damages arising from DEFENDANT's violations of

28
                              - 1 -

the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. §

1692, *et seq* and Nevada's Deceptive Trade Practices Act, NRS § 598, *et seq.*

JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 1331.     The Court has

supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

2.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff and Defendant

reside and/or do business in the District of Nevada.  Venue is also proper in this District because

the acts and transactions that give rise to this action occurred, in substantial part, in the District of

Nevada.

PARTIES

2.     PLAINTIFF is a natural person residing in Las Vegas, Nevada.

3.     PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

4.     PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C.

§ 1692a(5).

5.     ALLIANT   CAPITAL   MANAGEMENT, LLC   (hereinafter   referred   to   as

"DEFENDANT") is a New York limited liability company, the principal purpose of whose

business is the collection of debts.

6.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or

due another and that the DEFENDANT is a "debt collector" as defined by 15 U.S.C. §

1692a(6).

- 2 -

**STATEMENT OF FACTS**

7.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

8.     On August 28, 2013, DEFENDANT, through its agent, Jim Neal, called PLAINTIFF, in an attempt to collect a consumer debt from PLAINTIFF allegedly owed to another.

9.     DEFENDANT, through its agent, Jim Neal, left its first communication with PLAINTIFF, a scripted message, on PLAINTIFF's answering machine which states:

> Hi this message is for Scott Fiorenza, Jr. My name is Jim Neal and I'm just calling regarding paperwork that was received here in my office attached to your name and social security number. I'd like you to be advised that I have a request to have you sign for a certified notice of a pending litigation regarding a claim being placed against you. Before I went ahead and stopped by your residence, I just want to provide you with a courtesy call to inform you that you're on my schedule for service. Should you have any questions or concerns, you do need to contact the payments office directly and their number is (877) 957-8122 claim 503295. To be as clear as possible, you are on my schedule for service no later than 5 pm August 30. Unless I hear differently I will be out to see you at that time. Scott Fiorenza Jr. you have been notified. Thank you.

10.     DEFENDANT failed to notify PLAINTIFF that the call was from a debt collector in relation to the collection of a debt and that any information obtained would be used for that purpose, in order to trick PLAINTIFF into returning the call.

11.     DEFENDANT falsely represented that it was going to serve PLAINTIFF with a certified notice of pending litigation when it had no true intention of doing so.

12.     DEFENDANT also falsely represented litigation was pending against PLAINTIFF when DEFENDANT had no intention of filing a lawsuit and, as of the filing of this complaint, has closed PLAINTIFF's file.

13.     DEFENDANT is not registered in Nevada as a debt collection company.

- 3 -

14.    As a result of the acts and omissions of the DEFENDANT, PLAINTIFF has been forced to hire counsel to prosecute this action and to incur attorney fees and costs.

15.    PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF and the class members suffered emotional distress and may have also suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein. PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## CLASS ALLEGATIONS

16.    PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 13 inclusive, above.

17.    These claims for relief are brought by PLAINTIFF individually and on behalf of the following classes :

    a.  Class Number One: A national class consisting of consumers who:

        i.  Within one year prior to the filing of this action;

        ii.  Received a scripted message from DEFENDANT;

        iii.  Which failed to notify PLAINTIFFS that the call was from a debt collector in relation to the collection of a debt and that any information obtained would be used for that purpose, in order to trick PLAINTIFFS into returning the call;

        iv.  Which falsely represented that it was going to serve PLAINTIFFS with a certified notice of pending litigation when it had no true intention of doing so; and

        v.  Which falsely represented litigation was pending against PLAINTIFFS when DEFENDANT had no intention of filing a lawsuit.

- 4 -

b.   Class Number Two: A class consisting of Nevada consumers who:

     vi.   Within three years prior to the filing of this action;

     vii.   Received a communication from DEFENDANT in connection with the collection of a debt;

     viii.   When DEFENDANT was not registered as a debt collection company in the state of Nevada.

18.   Under Federal Rule of Civil Procedure Rule 23, a class action is appropriate and preferable in this case because:

a.   DEFENDANT's agent, Jim Neal, along with the other debt collectors working for DEFENDANT, use a form script that (1) intentionally fails to notify PLAINTIFFS that the call was from a debt collector in relation to the collection of a debt and that any information obtained would be used for that purpose, in order to trick PLAINTIFFS into returning the call; that (2) falsely represented it was going to serve PLAINTIFFS with a certified notice of pending litigation when it had no true intention of doing so; and that (3) falsely represented litigation was pending against PLAINTIFFS when DEFENDANT had no intention of filing a lawsuit.

b.   Further, DEFENDANT was not a licensed debt collector in Nevada at the time it was collecting debts in this state.

c.   There are questions of law and fact common to the class that predominate over any questions affecting individual class members.

d.   The only issue related to the individuals of class is the identification of the individual consumers who received the scripted communication and Nevada

consumers, a matter capable of ministerial determination from the DEFENDANT'S records.

    e.  PLAINTIFF'S claims are typical of those of the class members. All are based on the same facts and legal theories.

    f.  PLAINTIFF will fairly and adequately represent the class members' interests and have retained counsel experienced in handling class actions and collection abuse claims.

19.    A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C.§ 1692k.   The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

20.    If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e (5), (10) and (11)
BROUGHT BY PLAINTIFF INDIVIDUALLY AND
ON BEHALF OF CLASS NUMBER ONE**

21.    PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 20 inclusive, above.

22.    The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt", including but

not limited to, "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken". 15 U.S.C. § 1692e(5).

23. The FDCPA also prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt". 15 U.S.C. § 1692e(10).

24. Finally, a debt collector is required to disclose in the initial communication" that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" and in subsequent communications "that the communication is from a debt collector". 15 U.S.C. §1692e(11).

25. DEFENDANT's agent, Jim Neal, failed to notify PLAINTIFF that the call was from a debt collector in relation to the collection of a debt and that any information obtained would be used for that purpose, in order to trick PLAINTIFF into returning the call.

26. DEFENDANT falsely represented that it was going to serve PLAINTIFF with a certified notice of pending litigation when it had no true intention of doing so.

27. DEFENDANT also falsely represented litigation was imminent against PLAINTIFF when DEFENDANT had no intention of filing a lawsuit and, as of the filing of this complaint, in fact closed PLAINTIFF's file.

28. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF has suffered actual damages to be shown specifically at the time of trial, and is entitled to an award of statutory damages.

29. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SECOND CLAIM FOR RELIEF

**VIOLATION OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT AGAINST DEFENDANT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF CLASS NUMBER TWO**

30.    PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 29 inclusive, above.

31.    PLAINTIFF'S Consumer Fraud claim is based on NRS 41.600 for violations of NRS Chapter 598.

32.    At all times herein DEFENDANT was subject to the provisions of the Nevada Deceptive Trade Practices Act; NRS 598.

33.    Pursuant to NRS 598.0923: "A person engages in a 'deceptive trade practice' when in the course of his business or occupation he knowingly: 1. Conducts the business or occupation without all required state, county or city licenses. ..."

34.    Pursuant to NRS 649.075, as a collection agency operating in Nevada, DEFENDANT was and is required to obtain a license to operate as a collection agency, issued by the Nevada Department of Financial Institutions.

35.    Pursuant to NRS 649.075, and pleaded in the alternative, as collection agency operating from outside Nevada, but collecting debt from Nevada residents, DEFENDANT was and is required to obtain a certificate of registration as a foreign collection agency with the Nevada Department of Financial Institutions.

36.    DEFENDANT is not currently, and at all material times was not licensed as a collection agency in Nevada and has not registered as a foreign collection agency in Nevada and, as a result, DEFENDANT has violated the Nevada Deceptive Trade Practices Act.

37.    DEFENDANT is subject to liability for damages, as well as PLAINTIFF'S attorney fees and costs pursuant to NRS 41.600 for violations of the Nevada Deceptive Trade

- 8 -

Practices Act and PLAINTIFF and the class members are entitled to damages as set forth in the Prayer for Relief herein.

### DEMAND FOR JURY TRIAL

30.     Please take notice that PLAINTIFF demands trial by jury in this action.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANT for the following:

(1)     For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2)     For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3)     For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000.000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4)     For disgorgement of all of Defendant's profits obtained through use of the script at issue;

(5)     For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(6)     For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims;

(7)     For such additional damages as are allowed pursuant to the Nevada Deceptive Trade Practices Act for Class Number Two, including punitive damages; and

(8)     For any and all other relief this Court may deem appropriate.

DATED this 12th day of November 2013.

THE BOURASSA LAW GROUP, LLC

MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
8668 Spring Mountain Rd, Suite 101
Las Vegas, NV 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
*Attorneys for Plaintiff*